In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00135-CR
______________________________


JONATHAN PEDROZA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 263rd Judicial District Court
Harris County, Texas
Trial Court No. 907742


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Jonathan Pedroza has filed a notice of appeal from the final adjudication of his guilt
for aggravated assault. We have now received the certification of Pedroza's right of appeal
as required by Tex. R. App. P. 25.2. That certification states that Pedroza has no right of
appeal. 
          Unless a certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's
certification affirmatively shows Pedroza has no right of appeal, and because the record
before us does not reflect that the certification is incorrect, see Dears v. State, 154 S.W.3d
610, 615 (Tex. Crim. App. 2005), we must dismiss his appeal.
          We dismiss the appeal. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 15, 2005
Date Decided:         August 16, 2005

Do Not Publish




s testified as to his familiarity with Appellant's voice and unequivocally identified the
voice as belonging to Appellant; the voice, as identified, admitted to the theft. Thus, the jury was
presented with legally sufficient evidence to support the verdict. The contention of error is
overruled.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: August 18, 2008

Date Decided: September 4, 2008


Do Not Publish
1. This case has been transferred to this Court as part of the Texas Supreme Court's docket
equalization program.
2. The evidence is not clear whether the gate was locked or unlocked and whether the lock
actually worked.